UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Chevron Intellectual Property LLC and Chevron U.S.A. Inc., <br><br> Plaintiffs, <br><br> v. <br><br><br> AEG Petroleum, LLC, <br><br> Defendant. | Case Nos.  4:18-cv-3133 <br>                    4:19-mc-3608 |

**DEFENDANT AEG PETROLEUM, LLC'S POST-HEARING BRIEF
AND REQUEST FOR EXPEDITED ENTRY OF ORDER ON MOTIONS TO QUASH**

Defendant AEG Petroleum, LLC ("AEG") files this post-hearing brief concerning the rulings made by the Court during the January 24, 2020 hearing on three related motions to quash separate subpoenas served on two non-party witnesses. For the reasons set out below, AEG requests the Court to enter AEG's proposed Order that accurately reflects the rulings made during the hearing on the motions to quash.

I.   INTRODUCTION

During the fall of 2019, AEG served subpoenas on non-parties Western Marketing, Inc. ("WMI") and its Account Manager, Todd Pitts ("Mr. Pitts"). The subpoenas requested WMI and Mr. Pitts to produce various categories of documents and appear for depositions in this case. Plaintiffs Chevron Intellectual Property LLC and Chevron U.S.A. Inc. (collectively, "Chevron") filed a Motion for Protective Order and to Quash or Modify Defendant AEG's Subpoenas (MC

**AEG's Post-Hearing Brief and Request for
Expedited Entry of Order on Motions to Quash**                                                                                           **Page 1**
**82521088v.1**

Dkt. #4[1] (the "Chevron Motion to Quash")).  In addition, WMI and Mr. Pitts filed separate motions to quash AEG's subpoenas (MC Dkt. #1 (the "WMI Motion to Quash") and MC Dkt. #9 (the "Pitts Motion to Quash"), respectively), and WMI also filed an additional brief in support of the WMI Motion to Quash (MC Dkt. #10 (the "WMI Brief in Support of Motion to Quash")).  AEG, in turn, filed a combined Response in opposition to the three motions to quash (MC Dkt. #12).

On December 27, 2019, the Court issued an order granting Chevron's request for oral argument on the pending motions to quash (MC Dkt. #22).  Pursuant to that order, counsel for AEG, Chevron, WMI, and Mr. Pitts appeared before the Court on January 24, 2020 for a hearing to consider the three motions to quash.  During the hearing, the Court heard oral argument from each of the counsel, and toward the end of the hearing requested the attorneys to confer outside the courtroom about any agreements they could reach concerning the limits to be placed on AEG's requested discovery.  Following their attorney conference, in which counsel for WMI and Mr. Pitts also participated, counsel for the parties and non-parties announced to the Court certain agreements they had reached regarding AEG's requested discovery.  At the conclusion of the hearing, the Court announced its rulings on the three motions to quash and directed Chevron's counsel to prepare a proposed Order on the motions.

Following the January 24, 2020 hearing, Chevron's counsel drafted and circulated a proposed Order that set out the Court's rulings from the hearing.  The original draft of the proposed Order required only Chevron – and not WMI or Mr. Pitts – to produce documents pursuant to the subpoenas served on WMI and Mr. Pitts.  AEG's counsel made proposed revisions to the draft

---

[1] "MC Dkt. #X" refers to the docket number assigned to documents filed in the Miscellaneous Action, initially filed in the Northern District of Texas, Amarillo Division (No. 2:19-MC-11-Z), and subsequently transferred to this Court (No. 4:19-mc-3608).

**AEG's Post-Hearing Brief and Request for**
**Expedited Entry of Order on Motions to Quash**                                                                                              **Page 2**
82521088v.1

Order to clarify that the Court's rulings also applied to WMI and Mr. Pitts. It was only after AEG made these proposed revisions to the draft Order that it became aware of WMI's and Mr. Pitts' position that the rulings made by the Court during the January 24, 2020 hearing **did not apply to WMI's and Mr. Pitts' motions to quash**.

On February 14, 2020, counsel for Chevron, AEG, WMI, and Mr. Pitts jointly submitted a proposed original Order related to the motions to quash (MC Dkt. #27 (the "Proposed Original Order")), which stated that:

> The parties and non-parties agree that this Order applies to Chevron, but dispute whether and to the extent it also applies to WMI and Pitts. Separately, AEG, WMI, and Pitts will file short papers to address this dispute on or before February 25, 2020.[2]

*Id.* at 4. Pursuant to this provision in the Proposed Original Order, AEG submits this post-hearing brief and requests the Court to enter the attached proposed amended Order (the "Proposed Amended Order"),[3] which clarifies that the rulings of the Court at the January 24, 2020 hearing also apply equally to WMI and Mr. Pitts, and that all objections to the subpoenas that were not argued at the hearing or raised in the motions to quash have been waived and cannot be asserted by WMI or Mr. Pitts as a further basis for refusing to comply with the subpoenas.

## II. ARGUMENT AND AUTHORITIES

WMI and Mr. Pitts filed motions that urged the Court to quash, modify, and/or delay the discovery requests that AEG attached to the two subpoenas that were served on them. These motions to quash were considered by the Court at the January 24, 2020 hearing, and counsel for WMI and Mr. Pitts made arguments to the Court related to their motions. The Court's rulings

---

[2] WMI, Mr. Pitts, and AEG later agreed to extend this filing deadline to February 26, 2020.

[3] A copy of AEG's Proposed Amended Order is attached to this post-hearing brief as Exhibit 1.

**AEG's Post-Hearing Brief and Request for
Expedited Entry of Order on Motions to Quash** **Page 3**
82521088v.1

announced during the hearing addressed many of the issues raised by WMI and Mr. Pitts in their motions to quash. WMI and Mr. Pitts should not be allowed to now argue issues that either were raised in their motions but not addressed at the hearing, or were not even included in their motions to quash.

A.  **WMI's and Mr. Pitts' Motions to Quash Raised Various Grounds for Quashing the Subpoenas Served On Them**

The WMI Motion to Quash and Pitts Motion to Quash request the Court to quash, modify, and/or delay the discovery requests that AEG attached to the two subpoenas that were served on WMI and Mr. Pitts. Boiled down to their basic elements, the two motions argue that the Court should quash, modify, and/or or delay AEG's requested discovery for five reasons:

- The discovery sought by AEG is "unduly burdensome." *See* WMI Motion to Quash at 1, 3; Pitts Motion to Quash at 1, 3-4.

- "Chevron has also sought entry of protective orders and has asserted that certain information sought by AEG may be confidential or proprietary – as to Chevron," and Mr. Pitts "incorporates the [Chevron Motion to Quash] here and seeks protective orders that would protect Pitts from being compelled to disclose information that a party is asserting to be confidential, proprietary, or otherwise privileged (and in any event, more readily available from Chevron)." Pitts Motion to Quash at 4.

- The discovery sought by AEG should be delayed until after a discovery stay is lifted in a separate state court action styled: *AEG Petroleum, LLC v. Western Marketing, Inc. and Todd Pitts*, Cause No. 108927-C-CV, pending in the 251st Judicial District Court in and for Potter County, Texas (the "AEG Lawsuit"). *See* WMI Motion to Quash at 2; WMI Brief in Support of Motion to Quash at 1-2, 4; Pitts Motion to Quash at 2, 4.

- The subpoenas directed at WMI and Mr. Pitts were first raised by AEG's counsel on an October 31, 2019 telephone call, during which counsel for WMI and Mr. Pitts objected to discovery in the AEG Lawsuit; thus, the subpoenas are "effectively AEG's attempt to circumvent the discovery stay in the AEG [Lawsuit.]" *See* Pitts Motion to Quash at 3-4; WMI Motion to Quash at 2; WMI Brief in Support of Motion to Quash at 3.

- "Much of the written discovery sought from [Mr.] Pitts under the Subpoena appears to be records of WMI or information that WMI controls or to which it would have more readily accessible access." Pitts Motion to Quash at 4.

**AEG's Post-Hearing Brief and Request for**
**Expedited Entry of Order on Motions to Quash** Page 4
82521088v.1

And although WMI and Mr. Pitts served AEG with separate written objections to the two subpoenas, the reasons listed above were the only ones raised in their motions for quashing, modifying, and/or delaying the discovery requests attached to the subpoenas directed at them.

**B.     The Hearing Addressed WMI's and Mr. Pitts' Motions to Quash**

WMI and Mr. Pitts apparently take the position that the January 24, 2020 hearing pertained only to the Chevron Motion to Quash, and not the WMI Motion to Quash or the Pitts Motion to Quash. This is simply not true. Numerous facts clearly indicate that all three motions to quash were considered and ruled upon by the Court at the hearing.

One of those facts is Chevron's Unopposed Request for Oral Argument, which states that "[o]ral argument would assist the Court in assessing the differing interests and arguments against the subpoenas presented in the Motion filed by Chevron and the separate related motions filed by WMI ..., and Pitts .... Collectively, these motions raise significant and commercially important issues and implicate the free-speech rights of third parties who are the subject of the subpoenas." MC Dkt. #21 at 1-2. The Court granted this request and scheduled oral argument on the "**Motions** for Protective Order and to Quash or Modify." *See* MC Dkt. #22 at 1 (emphasis added).

The fact that the January 24, 2020 hearing addressed the WMI Motion to Quash and Pitts Motion to Quash also is confirmed by the actions of counsel for the two non-parties, who appeared at the hearing and presented arguments to the Court. WMI's counsel, Penn Huston, appeared and made numerous arguments on behalf of his client during the hearing. *See* Transcript from January 24, 2020 Hearing before the Honorable Alfred E. Bennett (the "Hearing Transcript") at 3-4, 10-

**AEG's Post-Hearing Brief and Request for**
**Expedited Entry of Order on Motions to Quash**                                                                                          **Page 5**
82521088v.1

12, 27, 36, 49.[4] Mr. Pitts' counsel, Roger Cox, also appeared at the hearing and presented arguments for his client. *See* Hearing Transcript at 4, 12-13, 50. In addition, WMI's and Mr. Pitts' counsel participated in the attorney conference with Chevron's and AEG's counsel during the recess ordered by the Court. *See* Hearing Transcript at 30. If WMI's and Mr. Pitts' counsel felt that the hearing did not pertain to their clients' motions to quash, they should have made that clear at the beginning of the hearing, rather than participating in the hearing and making arguments on behalf of their clients.

The Court, too, apparently believed it was hearing argument from WMI and Mr. Pitts concerning their motions to quash. At various points during the hearing, the Court asked or allowed counsel for WMI and Mr. Pitts to explain the issues raised in their motions. *See*, *e.g.*, Hearing Transcript at 10-13, 27, 36, 49-50. Given these facts, it is hard to understand why WMI and Mr. Pitts believe that the hearing did not apply to their motions to quash.

**C. The Rulings Made By The Court Address Three of The Issues Raised in WMI's and Mr. Pitts' Motions to Quash**

The Court's rulings at the January 24, 2020 hearing address three of the issues raised in the WMI Motion to Quash and Pitts Motion to Quash. First, the Court ruled that the following categories of documents should be produced with certain limitations:

- Written contracts and other documents reflecting agreements between WMI and Chevron related to WMI's authorization to sell Chevron-produced natural gas engine oil products ("NGEO Products") under WMI's Preferred Choice private label (*see* Hearing Transcript at 34-35);

- Pricing information sufficient to reflect any discounts or rebates WMI was getting from Chevron related to Chevron-produced NGEO Products (*see* Hearing Transcript at 38-39); and

- Written compliance audit reports of the handling and storage procedures of Chevron-

---

[4] True and correct excerpts from the Hearing Transcript are attached to this post-hearing brief as Exhibit 2.

**AEG's Post-Hearing Brief and Request for
Expedited Entry of Order on Motions to Quash**      **Page 6**
82521088v.1

>produced NGEO Products performed by Chevron at WMI's Amarillo, Texas facility (*see* Hearing Transcript at 48).

These rulings address one of the issues raised by Mr. Pitts; namely that the documents requested are confidential, proprietary, or otherwise privileged as to Chevron. *See* Pitts Motion to Quash at 4.

The Court's rulings at the January 24, 2020 hearing also address two of the other issues raised in WMI's and Mr. Pitts' motions to quash. During the hearing, the Court affirmed the agreement reached during the attorney conference that: (a) AEG may not depose a WMI corporate representative or Mr. Pitts in this action until after February 18, 2020, and (b) AEG may not use the transcripts of those depositions in the AEG Lawsuit. *See* Hearing Transcript at 35-36. These rulings address the timing of the depositions and the use of the transcripts in the AEG Lawsuit, which also were raised in the WMI Motion to Quash and Pitts Motion to Quash.

**D.     WMI and Mr. Pitts Should Not Be Allowed To Now Argue Issues Raised In Their Motions That Were Not Addressed At The Hearing**

Both WMI and Mr. Pitts argued in their motions to quash that the discovery sought by AEG was "unduly burdensome." *See* WMI Motion to Quash at 1, 3; Pitts Motion to Quash at 1, 3-4. Counsel for WMI and Mr. Pitts did not raise this issue during the January 24, 2020 hearing, nor did they present any evidence establishing why this requested discovery was unduly burdensome.

The moving party seeking to quash a subpoena must demonstrate one of the enumerated harms: annoyance, embarrassment, oppression, or undue burden or expense. *Carnaby v. City of Houston*, CIV.A.4:08-CV-1366, 2008 WL 4546606, at *1 (S.D. Tex. Oct. 10, 2008) (citing *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles,* 894 F.2d 1482, 1485 (5th Cir. 1990)). Further, the moving party must **specifically** show how the requested discovery is not relevant or is otherwise objectionable. *See, e.g., McLeod*, 894 F.2d at 1485; *see also In re Terra Intern., Inc.*,

**AEG's Post-Hearing Brief and Request for**
**Expedited Entry of Order on Motions to Quash**                                                          **Page 7**
82521088v.1

134 F.3d 302, 306 (5th Cir. 1998) ("'[t]he burden is upon the movant to show the necessity of [the protective order's] issuance'" (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n. 3 (5th Cir. 1978)). Such evidence must be a particular and specific demonstration of fact. *Id.*; *Enron Corp. Sav. Plan v. Hewitt Associates, L.L.C.*, 258 F.R.D. 149, 159 (S.D. Tex. 2009) ("A party asserting undue burden typically must present an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request." (citations omitted)). Conclusory and stereotyped statements, without corroboration, do not warrant a protective order. *Id.* (citing *McLeod*, 894 F.2d at 1485). Here, WMI and Mr. Pitts failed to meet their burden, and the Court should not permit them to assert "undue burden" as an objection to the subpoenas after the hearing.

In addition, Mr. Pitts asserts in his motion to quash that "[m]uch of the written discovery sought from Pitts under the Subpoena appears to be records of WMI or information that WMI controls or to which it would have more readily accessible access." Pitts Motion to Quash at 4. If that is the case, then WMI should produce the written discovery that is requested in the WMI Subpoena. Furthermore, the instructions in the Pitts Subpoena only require Mr. Pitts to produce requested "Documents and Things in [his] possession, custody, or control at the present time, or coming into [his] possession, custody, or control prior to the deposition." Thus, Mr. Pitts was not even requested to produce documents that are not in his possession, custody, or control.

E.  **WMI and Mr. Pitts Should Not Be Allowed To Now Assert New Objections to The Subpoenas That Were Not Raised In Their Motions**

During discussions among counsel regarding the proposed Order on the motions to quash, it became obvious to AEG that WMI and Mr. Pitts intend to assert new objections to AEG's discovery requests that were not included in the motions to quash. According to WMI and Mr. Pitts, these objections were included in their written objections to the subpoenas, and the burden should be on AEG to oppose these objections in a motion to compel.

**AEG's Post-Hearing Brief and Request for**
**Expedited Entry of Order on Motions to Quash** **Page 8**
82521088v.1

AEG vehemently disagrees with this suggestion that objections to the subpoenas not included in WMI's and Mr. Pitts' motions to quash are still preserved and can be asserted as a further basis for not complying with the subpoenas. If WMI and Mr. Pitts wanted the Court to consider these objections, they should have included them in their motions and argued the objections at the hearing. It would be a gross injustice if AEG is now required to spend additional time and money on a new round of briefing related to discovery objections that should have been included in WMI's and Mr. Pitts' motions to quash.

### III.   CONCLUSION

Defendant AEG respectfully requests the Court to enter the Proposed Amended Order on the motions to quash, which clarifies that the rulings made by the Court at the January 24, 2020 hearing apply equally to WMI and Mr. Pitts, and that all objections to the subpoenas that were not argued at the hearing or raised in the motions to quash have been waived and cannot be asserted by WMI or Mr. Pitts as a basis for refusing to comply with the subpoenas.

Date:  February 26, 2020.

                Respectfully submitted,

                **LOCKE LORD LLP**

                */s/ Bradley C. Weber*
                Bradley C. Weber
                *Attorney-in-charge*
                  Texas State Bar No. 21042470
                  Southern District of Texas No. 92565
                  Email: bweber@lockelord.com
                2200 Ross Avenue, Suite 2800
                Dallas TX 75201-6776
                Tel:  (214) 740-8497
                Fax:  (214) 756-8497

**AEG's Post-Hearing Brief and Request for**
**Expedited Entry of Order on Motions to Quash**      **Page 9**
82521088v.1

**MULLIN HOARD & BROWN, L.L.P.**

Mark S. Logsdon
  Texas State Bar No. 00795486
  Email: mlogsdon@mhba.com
500 South Taylor, Suite 800
P. O. Box 31656
Amarillo, Texas 79120-1656
Telephone: (806) 372-5050
Facsimile: (806) 372-5086

**ATTORNEYS FOR DEFENDANT,
AEG PETROLEUM, LLC**

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 26, 2020, a true and correct copy of this document was served on all counsel for record via this Court's CM/ECF system and also via email.

/s/ Bradley C. Weber
Bradley C. Weber
**AEG's Post-Hearing Brief and Request for
Expedited Entry of Order on Motions to Quash**                                                                                                                     **Page 10**
82521088v.1